UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

           - v. -

KAREEM SHEPHERD,
        a/k/a "Reem,"
        a/k/a "Marcus Ford,"
        a/k/a "Frank James,"

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT**

22 Cr. 514 (PGG)

WHEREAS, on or about September 27, 2022, KAREEM SHEPHERD, a/k/a "Reem," a/k/a "Marcus Ford," a/k/a "Frank James" (the "Defendant"), among others, was charged in a five-count Indictment, 22 Cr. 514 (PGG) (the "Indictment"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2 (Count Two); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Four); and conspiracy to steal mail while employed as a postal employee, in violation of Title 18, United States Code, Section 371 (Count Five);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029 (c)(1)(C), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in

United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Indictment;

WHEREAS, on or about _____, the Defendant pled guilty to Counts One and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant Title 18, United States, Section 982(a)(2)(A), a sum of money equal to $536,434.01 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $536,434.01 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) his co-defendant Fabiola Mompoint ("Mompoint") and the forfeiture money judgment entered against her in this case and (ii) co-defendants Johnny Damus, Rashaan Richards, Devon Richards, Conrad Heron, Louis Jeune Verly, Nathanael Foucault, and Johnathan Persaud (collectively, the "Co-defendants") to the extent forfeiture money judgments are entered against  the Co-defendants in this case for the offense charged in Count One of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorneys Ashley C. Nicolas, Chelsea L. Scism, and Madison Reddick Smyser, of counsel, and the Defendant, and his counsel, James Roth, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $536,434.01 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) Mompoint and the forfeiture money judgment entered against her in this case and (ii) his Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, KAREEM SHEPHERD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York


By: _____            9/5/23
       Ashley C. Nicolas                                  DATE
       Chelsea L. Scism
       Madison Reddick Smyser
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2467/-2105/-2381


KAREEM SHEPHERD

By: _____            9/5/23
       Kareem Shepherd                             DATE


By: _____            9/5/23
       James Roth, Esq.                              DATE
       Attorney for Defendant
       299 Broadway Suite 800
       New York, NY 10007


SO ORDERED:

_____            September 5, 2023
HONORABLE PAUL G. GARDEPHE           DATE
UNITED STATES DISTRICT JUDGE